UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Olga Munoz and <br> Edgar Cruz <br><br> Plaintiffs, <br><br> v. <br><br> Alejandro Mayorkas, Secretary, <br> Department of Homeland Security; <br> Tracy Renaud, Associate Director, <br> Service Center Operations Directorate, <br> U.S. Citizenship and Immigration Services, <br><br> Defendants. | Case No. 23-cv-47 |

## PETITION FOR WRIT OF MANDAMUS

Plaintiffs, Olga Munoz and Edgar Cruz, by and through their own and proper persons and through their attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petition this Honorable Court for a Writ of Mandamus directing the U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services (hereinafter "USCIS") to adjudicate the I-130 petition filed by Plaintiff Munoz, and in support thereof, state as follows:

### Introduction

1. This is a civil action brought by Olga Munoz and Edgar Cruz to compel the Defendants to take action on the visa petition for alien relative (USCIS Form I-130) filed by Plaintiff Munoz on behalf of Plaintiff Cruz with U.S. Citizenship and Immigration Services ("USCIS") *nearly two years ago.*

1

**Jurisdiction And Venue**

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) in conjunction with 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the Code of Federal Regulations).

3. Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b). Plaintiff contends that the delay in processing his visa petitions is unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The Code of Federal Regulations further provides that "[e]ach applicant for adjustment of status under

this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2 (emphasis added).

7. The INA also creates duties owed by the USCIS in the processing of relevant petitions. 8 U.S.C. § 1154(b) states, "After investigation of the facts in each case…the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative … approve the petition and forward one copy thereof to the Department of State." (emphasis added).

8. The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate the visa petition. USCIS has a mandatory duty to adjudicate applications and petitions and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

9. Venue of this action is proper under 28 U.S.C. § 1391(e)(3). Plaintiffs Munoz and Cruz reside in Fort Wayne, Indiana, which is within the judicial district of the Northern District of Indiana.

## Parties

10. Plaintiff Olga Munoz is a United States Citizen. She resides in Fort Wayne, Indiana. She is married to Edgar Cruz, who is a Guatemalan native and citizen. He resides with Plaintiff Munoz in Fort Wayne, Indiana.

11. Defendant Alejandro Mayorkas, Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Mayorkas, through his delegates, has authority to

12. adjudicate visa petitions filed with the United States Citizenship and Immigration Services (USCIS) and to accord lawful permanent resident status pursuant to 8 U.S.C. § 1255.

12. Defendant Tracy Renaud is the Acting Director of U.S. Citizenship and Immigration Services (USCIS) Service Center Operations Directorate (SCOP) which oversees operations and decisions at the five USCIS Service Centers. As the USCIS SCOP Associate Director, Defendant Renaud has authority to adjudicate visa petitions pending at the Service Centers, including the USCIS Potomac Service Center.

13.

## Factual Background

14. Plaintiff Munoz is a citizen of the United States. On February 1, 2021, Plaintiff Munoz and Plaintiff Cruz married in Indiana.

15. On April 5, 2021, Plaintiff Munoz filed an I-130 visa petition with USCIS (receipt number IOE0911493401). Plaintiffs have received no communication from USCIS except an initial receipt notice.

16. Plaintiffs' I-130 petition is outside of all published USCIS Service Processing Center processing times. Plaintiffs have made inquiries to USCIS and have only been advised that their I-130 petition is pending.

17. To date, USCIS has still not made a decision on the visa petition.

18. The Plaintiffs have received no communication regarding final adjudication of the visa petition, nor have they been instructed to provide any further information or documentation to USCIS.

**Request For Relief**

19. Plaintiffs have complied with all the requirements for filing a visa petition and the delay in adjudicating the application is not attributable to the Plaintiffs.

20. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the visa petition (Form I-130). The delay is unreasonable per se.

21. The Defendants owe the Plaintiffs a duty to adjudicate the visa petition and have unreasonably failed to perform that duty by not adjudicating the petition. This duty is owed under the INA, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the applications.

22. Plaintiffs have exhausted all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the petitions.

WHEREFORE, Olga Munoz and Edgar Cruz pray that this Honorable Court:

A. Assume jurisdiction herein; and

B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the visa petition (Form I-130).

Respectfully Submitted,
Olga Munoz and Edgar Cruz

By: s/ Kevin Raica
One of their attorneys

Kevin Raica, Esq.
Kriezelman Burton & Associates, LLC
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
(312) 332-2550
kraica@krilaw.com